**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JASMYNE RUTHERFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-1178 HEA |
| | ) | |
| MOBILITAS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Jasmyne Rutherford's Motion to Remand, (ECF No. 10), and Amended Motion to Remand. (ECF No. 22). Defendant Mobilitas Insurance Company ("Mobilitas") opposes both motions. For the reasons that follow, the Court grants Plaintiff's Amended Motion to Remand.

***I. Background***

Defendant removed this cause of action from state court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).[1] Plaintiff initially filed suit against Mobilitas in the Circuit Court of St. Louis County, Missouri on April 20, 2026. In her state court Petition, Plaintiff alleges that on July 3, 2025, she was a passenger in a vehicle operated by Lyft, Inc. ("Lyft"). (ECF No. 5 at 2). The vehicle was being

[1] According to Defendant's Notice of Removal and the Disclosure Statements, Plaintiff Jasmyne Rutherford is a citizen of Wisconsin, and Mobilitas is a citizen of Arizona. (ECF Nos. 1, 9, and 13).

operated by a driver who was authorized to drive by Lyft. During the ride, an unknown tortfeasor's vehicle made physical contact with the Lyft vehicle occupied by Plaintiff. Plaintiff alleges that due to the collision, she "has suffered permanent and progressive injuries to her neck, mid-back, and low back, right knee, right elbow, and right leg, as well as oral injuries including a fractured tooth, and has incurred past, and will incur future, medical bills for reasonable and necessary treatment." (ECF No. 5 at 2).

In her Petition, Plaintiff further alleges that she is a covered passenger under an insurance policy purchased by Lyft through Mobilitas for automobile coverage, including uninsured motorist protection, and that the policy was in full force and effect on July 3, 2025, the date of the collision. Plaintiff claims that she is entitled to benefits from the insurance contract's protections. On or about January 14, 2026, Plaintiff sent Mobilitas a formal demand for settlement of her claim under the uninsured motorist provision of the insurance policy, and Mobilitas has refused to pay her claim.

In her Petition, Plaintiff brings the following two claims under Missouri state law: breach of uninsured motorist contract (Count I); and vexatious refusal to pay (Count II). For damages Plaintiff seeks "a sum in excess of $25,000.00" for each count, together with costs. (ECF No. 5 at 3 and 4). Plaintiff's allegations are in accordance with Missouri pleading requirements, which prohibit a plaintiff claiming tort damages from pleading a monetary amount of damages, except to determine the proper jurisdictional authority. *See* Mo. R. Civ. P. 55.05; Mo. Rev. Stat. § 517.011.1(1). She also seeks attorney's fees and costs.

Initially, Plaintiff attempted to serve Mobilitas on April 28, 2026, by delivering a copy of the summons and Petition to CT Corporation System. (ECF No. 1, Ex. 2 at 12). Following this attempted service, Mobilitas's counsel made an entry of limited appearance in the state court action, and on June 12, 2026, Mobilitas filed a motion to dismiss for lack of personal jurisdiction because Mobilitas was not properly served or, in the alternative, a motion to quash service. (*Id.* at 15-29). Mobilitas presented evidence in state court that CT Corporation System was not its registered agent in Missouri. Finding Mobilitas had not been properly served, the state court granted Mobilitas's motion to quash service. (*Id.* at 51). Plaintiff requested alias summons, and on June 29, 2026, Plaintiff served the Missouri Department of Insurance.

On July 24, 2026, Defendant removed the cause of action on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Plaintiff filed a Motion to Remand. In her initial motion, Plaintiff argues the removal was untimely, because the Notice of Removal was filed more than 30 days after Defendant received a copy of the initial pleading. Plaintiff points to the fact that on May 12, 2026, Mobilitas contacted Plaintiff's counsel and requested a copy of the Petition. A filed-stamped copy of the Petition was emailed to Mobilitas that same day.

On August 7, 2026, Plaintiff voluntarily dismissed her claim for vexatious refusal to pay, Count II. Plaintiff then filed an Amended Motion to Remand. In addition to arguing that the removal was untimely, Plaintiff argues that the amount in controversy does not exceed $75,000.00, because the uninsured motorist coverage

under the policy is limited to $25,000.00. According to Plaintiff, diversity jurisdiction does not exist, and the Court must remand the case to state court for lack of subject matter jurisdiction.

The Court will first address whether Defendant's removal was timely, and then determine whether subject matter jurisdiction exists in this case.

## *II. Discussion*

### A. Defendant's Removal Was Timely.

Removal is a statutory right outlined in 28 U.S.C. § 1441 and governed by § 1446. Defendants seeking to remove a civil case from state court must file a Notice of Removal, which sets forth the grounds for removal. 28 U.S.C. § 1446(a). A defendant has 30 days from the date it receives the state court petition "through service or otherwise" to remove a state court action to federal court. 28 U.S.C. § 1446(b)(1). Removal statutes must be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *see also Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007); *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (*per curiam*). The time limit set out in § 1446(b)(1) is mandatory, "and a timely motion to remand for failure to observe the 30-day limit will be granted." *McHugh v. Physicians Health Plan of Greater St. Louis, Inc.*, 953 F. Supp. 296, 299 (E.D. Mo. 1997).

Plaintiff argues that Defendant's Notice of Removal was untimely because it was filed more than 30 days after Defendant received a courtesy copy of her state court petition. Plaintiff contends that federal subject matter jurisdiction was apparent at the time Defendant received the courtesy copy based on the Petition and Plaintiff's demand and, therefore, Defendant had 30 days from May 12, 2026, the date Defendant received the courtesy copy, to remove the case to federal court. The Court does not agree.

Receipt of the state court complaint or petition without formal service is insufficient to commence the limitations period for removal. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999); *Marano Enters. of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 756 (8th Cir. 2001). Mere receipt of a petition "unattended by any formal service" does not trigger the defendant's time to remove. *Murphy Bros.,* 526 U.S. at 347–48. Instead, a defendant's "time to remove is triggered by simultaneous service of the summons and [petition], *or* receipt of the [petition], 'through service or otherwise,' *after and apart from service of the summons*[.]" *Id.* at 348–49 (emphasis added).

Plaintiff attempted to serve Defendant on April 28, 2026, but service on this date was not effective, as Plaintiff delivered the summons and petition to a company that was not Defendant's registered agent. On May 12, 2026, when Defendant received a courtesy copy of the Petition, it had not yet been served with the summons and the Petition. Defendant was properly served with summons and the Petition on June 29,

2026. Defendant removed the case on July 24, 2026, within 30 days of the date of service. Consequently, Defendant's removal was timely. 28 U.S.C. § 1446(a); *Murphy Bros.*, 526 U.S. at 348. The Court denies Plaintiff's motion to remand on the basis of timeliness.

**B. The Court Does Not Have Subject Matter Jurisdiction Over This Dispute.**

Defendant removed on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1). A federal court has diversity jurisdiction where the matter in controversy exceeds $75,000.00 and is between citizens of different states. 28 U.S.C. § 1332(a). For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1) there must be complete diversity of citizenship between plaintiffs and defendants. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). "It is settled, of course, that absent complete diversity a case is not removable because the district court would lack original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 564 (2005) (cited case omitted).

As for the amount in controversy, it must be established by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B); *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016). When a plaintiff challenges that there is diversity jurisdiction, the defendant may show evidence of the amount in controversy by "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The Eighth

Circuit Court of Appeals has recognized "other papers" include "a settlement letter or similar correspondence." *Gibson v. Clean Harbors Env't Servs., Inc.*, 840 F.3d 515, 521 (8th Cir. 2016).

When subject matter jurisdiction is lacking, the Court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). The party seeking removal and opposing a motion to remand bears the burden of establishing the removal was proper and that federal jurisdiction exists. *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

In her Amended Motion to Remand, Plaintiff argues that the requisite amount is no longer in controversy and, therefore, diversity jurisdiction does not exist in this case. Plaintiff points to the fact that following removal, she voluntarily dismissed her claim for vexatious refusal to pay. Plaintiff notes that her only remaining claim is a claim for breach of an insurance contract, and the uninsured-motorist benefit under the policy is limited to $25,000.00. Therefore, according to Plaintiff, the maximum contractual recovery available to her is $25,000.00, and Defendant cannot meet its burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required for diversity jurisdiction under 28 U.S.C. § 1332(a).

Plaintiff's dismissal of her vexatious refusal to pay claim does not necessarily displace the Court's subject matter jurisdiction over this case. "It is axiomatic the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal." *Schubert v. Auto Owners Ins. Co.*, 649

F.3d 817, 822 (8th Cir. 2011) (citing *McLain v. Andersen Corp.*, 567 F.3d 956, 965 (8th Cir. 2009). "[S]ubsequent events reducing the amount in controversy [does not] divest the court of jurisdiction." *Id.* (citing, *inter alia*, *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990) (holding dismissal of the plaintiff's key claims on summary judgment did not affect the amount in controversy)). That said, the Eighth Circuit has explained that events subsequent to removal are not entirely irrelevant. *Id.* "Subsequent events may . . . be relevant to prove the existence or nonexistence of diversity jurisdiction *at the time of filing*," *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010) (emphasis added). A "distinction must be made . . . between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action." *State Farm Mut. Auto. Ins. Co. v. Powell*, 87 F.3d 93, 97 (3d Cir. 1996) (internal quotation marks, citation and emphasis omitted).

Plaintiff's dismissal of her vexatious refusal to pay claim did change the amount in controversy in this case, but it did not change it as of the time of removal. At the time of removal, Plaintiff was seeking damages under an insurance policy with a $25,000.00 limit. She also was seeking statutory penalties for her vexatious refusal to pay claim, including 20% of the first $1,500.00 of her loss and 10% for all losses greater than $1,500.00. Mo. Rev. Stat. § 375.420. Plaintiff alleges she sustained serious injuries as a result of the collision, and assuming Plaintiff could recover the full amount of the policy limit, $25,000.00, the penalty under the statute would be

$2,650.00, for total amount of $27,650.00 in damages, which is well short of the requisite amount for diversity jurisdiction to apply. 28 U.S.C. § 1332(a).

It is Defendant's position that the amount in controversy at the time of removal exceeded $75,00.00 because Plaintiff was seeking an award of attorney's fees under Mo. Rev. Stat. § 375.420. (ECF No. 1 at 2). Missouri's vexatious refusal statute does allow for an award of attorney's fees for a plaintiff who establishes that a defendant "has refused to pay such loss without reasonable cause or excuse[.]" Mo. Rev. Stat. §375.420. Further, statutory attorney's fees do count toward the jurisdictional minimum for diversity jurisdiction. *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001); *see also Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017) (including statutory fees in amount in controversy calculation where plaintiff had requested fees under the statute). But to meet the requisite amount in controversy in this case, Defendant must establish by a preponderance of the evidence that the Court could have awarded Plaintiff $47,350.00 in attorney's fees – an amount that is almost double the maximum amount of damages at issue. *See Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

Defendant estimates that attorney's fees in this case could amount to $48,125.00 if the case were to be litigated through trial. In support of this contention, Defendant submits the affidavit of Maxwell Knudsen, Mobilitas's attorney, who attests he has six years of civil litigation experience in the area of insurance disputes, and that it is his

belief that to litigate this case through trial, it would be reasonable to spend at least 275 hours of legal work at a rate of $175 per hour.

The Court finds Defendant's calculation to be unpersuasive. First, it is not clear from the affidavit if Mr. Knudsen is calculating Plaintiff's attorney's fees only, or if he is including both parties' fees. The affidavit states as follows: "The work will likely include the assistance of at least one attorney, paralegal, and legal assistant *on the part of each party.*" (ECF No.1, Ex. 4 at 2) (emphasis added). Missouri's statute does not provide for an award of attorney's fees to both parties. Mo. Rev. Stat. § 375.420.

Second, Mr. Knudsen offers no explanation as to why 275 hours of attorney effort would be necessary, or even likely, for litigating a case involving a motor vehicle collision, especially when the amount of recovery would be limited to $27,650.00. In his affidavit, Mr. Knudsen does not itemize the amount of time that would be reasonable to spend on written discovery, depositions, settlement negotiations, motion practice, trial preparation, and trial. Instead, he merely speculates and provides a total number of hours he believes would be reasonable to spend through trial. "Speculation and belief that plaintiff's damages exceed $75,000 are insufficient to meet the defendant's burden of proof." *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004).

Over $48,000.00 in attorney's fees for a case that is limited to $27,650.00 in damages is not reasonable. Instead, the Court finds a 25% contingency-fee estimate is more appropriate for determining the amount in controversy for this case. *See, e.g.,*

*Clarke v. Country Mut. Ins. Co.*, No. 4:19-CV-643 SRB, 2019 WL 11641778, at *3 (W.D. Mo. Sept. 23, 2019); *Seper v. Allstate Fire & Cas. Ins. Co.*, No. 4:15-CV-1823 JCH, 2016 WL 145702, at *3 (E.D. Mo. Jan. 12, 2016)*; Harris v. TransAmerica Life Ins. Co.*, No. 4:14-CV-186 CEJ, 2014 WL 1316245, at *1 (E.D. Mo. Apr. 2, 2014)*; Young v. State Farm Fire & Cas. Co.*, No. 4:08-CV1-891 MLM, 2010 WL 173832, at *2 (E.D. Mo. Jan. 15, 2010). This approach yields a reasonable attorney-fee estimate that places the amount in controversy at $34,562.50, nearly $40,437.50 below the jurisdictional threshold. Even if the Court were to employ a higher contingency rate of 30 or 40%, the amount in controversy would still be short by thousands of dollars. *See Baker v. NNW, LLC*, No. 15-00222-CV-W-GAF, 2015 WL 12843831, at *2 (W.D. Mo. June 1, 2015) (considering 33% contingency fee as "standard" for attorneys' fees). Defendant fails to prove by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional minimum at the time of removal.

## ***III. Conclusion***

The Court finds federal subject matter jurisdiction under 28 U.S.C. § 1332 is lacking in this case. Defendant has not met its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. The Court now remands the case to state court pursuant to 28 U.S.C. § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that Jasmyne Rutherford's Amended Motion to Remand is **GRANTED**. [ECF No. 22]

**IT IS FURTHER ORDERED** that Jasmyne Rutherford's Motion to Remand is **DENIED as moot**. [ECF No. 10]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, Missouri.

An appropriate Order of Remand will accompany this Opinion, Memorandum, and Order.

Dated this 11th day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE